### Branch T. Masterson v. Fritz Bockel et al.

Decided February 23, 1899.

1. **Practice—Exceptions to Pleadings.**

Where a general exception to amended petition has been sustained, its allegations can not be held to authorize the admission of evidence as to the matters therein pleaded.

2. **Same—Evidence Without Allegation.**

A judgment, though authorized by the facts disclosed by the record, can not be sustained where some of the facts essential thereto could not properly have been admitted in evidence under the pleadings.

3. **Same—Parol Agreement for Survey of Boundary Line.**

An unsigned agreement, made pending a boundary suit, for the establishment of the boundary line by an actual survey, will not, where the survey has been made by the agreed surveyors, be refused enforcement by the courts on the ground that it is violative of district court rule 47 and of the statute of frauds.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Masterson & Masterson* and *W. S. Hunt*, for appellant.

*Jas. A. Breeding*, for appellee Bockel.

*Cline, Cline & Triplett*, for appellee Griffin.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellant to recover of appellees a portion of the 640 acres of land patented to Charles Kessler, assignee of H. A. Robinson, and also a portion of the tract of land patented to appellant, assignee of John M. Swisher, the land sued for being, as described in the petition, strips on the western boundaries of said grants. The suit, which in form is one of trespass to try title, was in fact, as between the plaintiff and defendant Bockel, a suit to settle and establish the boundary between the Robinson and the Swisher on the one side, lands owned by the plaintiff, and the land known as the R. H. Freeling survey, the southern half of which was owned by Bockel, and the latter survey bordering on the two tracts owned by the plaintiff, its eastern boundary being their western boundary.

Defendants pleaded general denial, plea of not guilty, and in reconvention for certain portions of the land claimed by each. Upon trial of the cause judgment was rendered that the plaintiff take nothing by his

suit, and that the defendant Bockel recover, as against the plaintiff, the land described in his plea of reconvention, together with his costs; but that he recover nothing as to the defendant Griffin, and that the latter recover of the plaintiff, and of the defendant Bockel, with his costs, the tract of land described in his plea of reconvention; and from which judgment the plaintiff appealed to this court.

The case was tried by the court without a jury, and the judge's conclusions upon the facts were, that the Robinson patent was older than the Freeling patent, but the survey of the latter was prior to that of the Robinson, and that the field notes of the Robinson called for the eastern boundary of the Freeling; that there was no conflict between the two surveys, and no part of the land claimed by the defendant Bockel, nor any part of that claimed by the defendant Griffin, was within the boundaries of the plaintiff's lands. Pending the suit, the plaintiff and the defendant Bockel made the following written agreement:

"*State of Texas, County of Harris.*—This agreement, made and entered into by and between Frederick Bokel and Erasmus Bokel, of the county of Harris, Texas, parties of the first part, and Branch T. Masterson, of the county of Galveston, Texas, party of the second part, witnesseth:

"First. It is agreed that the said parties of the first part own in fee simple one-half of the B. H. Freeling 1476-acre survey in Harris County, Texas, said one-half of said land so owned by the parties of the first part being the southeast 738 acres of said survey.

"Second. It is admitted by the parties hereto that the party of the second part is the owner of all that certain tract of land adjoining the B. H. Freeling survey and patented to Charles Kessler, assignee of H. A. Robinson, by patent No. 411, and consisting of 640 acres. It is also admitted that said party of the second part owns 1109 1-9 acres of land patented to him, as assignee of John Swisher, by patent No. 206, Vol. 8.

"Third. That the said Henry A. Robinson and John M. Swisher surveys lie east of and adjoining the said Benton H. Freeling survey—the east line of said Freeling survey being the same as the west boundary line of the said Robinson and Swisher surveys.

"Fourth. That the true position of the said west line of the said Robinson and Swisher surveys and the east boundary line of the said Freeling survey is now uncertain and unfixed, its true and exact position upon the ground being in dispute between the said parties of the first part and the party of the second part. That the parties hereto desire to have said line definitely established and fixed, by a survey upon the ground, so that hereafter there can be no dispute and no uncertainty as to where said line actually lies.

"Now, therefore, for and in consideration of the premises, and in order that said boundary line may be definitely determined, and the further consideration that the party of the second part shall dismiss at his own

cost a certain suit now pending in the District Court of Harris County, Texas, wherein said boundary line is sought to be determined, so far as the same may affect the parties of the first part, the parties hereto agree as follows:

"1.   That W. A. Polk, county surveyor of Harris County, Texas, or any other surveyor to be agreed upon by said parties, shall at as early a date as practicable, run out and establish the lines and corners of said Benton H. Freeling survey by beginning the survey on the corners of either the James Hamilton survey No. 96, the Daniel H. Fitch, the James F. Cruger, or the John Thompson surveys, as staked upon the ground, and running the courses and distances called for in the field notes of said Freeling survey so as to include 1476 acres of land in said survey; the said party of the second part hereby guaranteeing that the southeast one-half of the said Freeling survey shall contain 738 acres of land, and that said survey shall retain as nearly as possible the same general shape as now claimed for it by the said parties of the first part.

"2.   That the expenses for surveying out said land and establishing and fixing the lines and corners of said survey shall be borne by the said party of the second part, with the exception of the corner post, which the said parties of the first part agree to furnish.

(Signed)   "FREDERICH BOKEL,
"E. BOKEL,
"Parties of the First Part.
"BRANCH T. MASTERSON,
"Party of the Second Part."

In accordance with this agreement the survey provided for was made, and the boundary established by the county surveyor, W. A. Polk, in the month of May, 1896. After this survey was made, the defendant Bokel not being entirely satisfied with it, it was agreed between the parties, that the boundary between the Robinson and the portion of the Freeling owned by the defendant Bokel shall be run by the county surveyor, Polk, and the ex-county surveyor, J. J. Gillespie, and be so run as to give to the defendant, Bokel, south of the land owned by McIver in the Freeling survey, 738 acres of land.   This agreement was reduced to writing, but was not signed by the parties, and the surveyors named made the survey and establish the boundary in accordance with the agreement, and made report of their work, as follows:

"*The State of Texas, Harris County.*—Field notes of a survey of 738 acres made for E. Bokel and B. T. Masterson:

"Situated in Harris County, on the waters of Brays Bayou, a tributary of Buffalo Bayou, about six miles south from the county seat of Harris County, and being out of the Benton H. Freeling.   Beginning at an iron axle, in the E. line of the Thompson sur., same being the S. W. cor. of the B. H. Freeling.   Th. E. 1780 ft. to a stake; th. N. 5867½ ft. to a stake on the south line of McIvor land; th. W. along McIvor's S. B. line

7060 ft. to a stake and mound in the E. B. line of the Hamilton survey. Th. south along Hamilton E. B. line, 4112 ft. to an iron rod, being the N. W. cor. of the Fitch sur. Th east along the north line of the Fitch, Cruger, and Thompson surveys, 5280 to the N. E. cor. of the Thompson sur.; a stone for corner; th south 1755½ ft. to the place of beginning.

"Bearings marked,......... Surveyed March 30th & Apl. 1st, 1898.

"R. Poole, J. H. McRady, chain carriers.

"Louis Gillespie, flagman.

"I, W. A. Polk, county surveyor Harris County, and J. J. Gillespie, surveyor, do hereby certify, that the foregoing survey was made actually on the ground, according to law, and that the limits, boundaries, and corners with marks, natural and artificial, are truly described in the foregoing plat and field notes.

(Signed) "J. J. GILLESPIE,<br>
"W. A. POLK,<br>
"County Surveyor, Harris County."

"I, W. A. Polk, county surveyor Harris County, do hereby certify, that I have examined the foregoing field notes, and find them correct, and that they are recorded in my office, in private sur. book No. 4, page 162.

(Signed) "W. A. POLK,<br>
"County Surveyor, Harris County."

The defendant refusing to abide by the survey made by the two surveyors, the plaintiff by amendment to his petition sought to enforce the agreement, and prayed that the line run by the two surveyors as aforesaid be established by decree of the court as the boundary between plaintiff's lands and the lands of the defendant Bokel. But the court held that the first agreement was superseded and avoided by the second, and the second not being signed by the parties, could not be enforced, because to enforce it would be in violation of No. 47 of the rules regulating the practice of the district court; and the court refused to consider the agreement. To this action of the court the plaintiff duly excepted, and here assigns as error the refusal of the court to enforce the agreement; and we are of the opinion that the assignment is well taken and should be sustained. We think rule No. 47 is not applicable to an agreement such as one for the establishment of a boundary by actual survey upon the ground, and when the survey is made in accordance with the agreement. Furthermore, we think the second agreement, which was not signed, is but ancillary to and in furtherance of the first; the only difference between the two surveys seems to be that the second locates the boundary further to the east than the first, for the purpose of securing to the defendant the number of acres which the first agreement between him and the plaintiff guaranteed his portion of the Freeling survey should contain; and the second survey was made, as we understand the evidence, for this purpose, and at the instance of Bokel. The surveys were made in accordance with the agreement and they were

made at the expense of the plaintiff, and not to enforce the agreement when neither mistake, nor fraud, nor any other reasonable objection can be urged against it would be unjust to the plaintiff.  That the boundary as established by the survey is not in accordance with the conclusion of the court as to the locus of the boundary between the Robinson and the Freeling, nor the other finding of the court, that the land claimed by the defendant Griffin is not within the limits of either the Robinson or the Freeling survey, is not sufficient reason why the agreement should not be enforced.  The plaintiff did not undertake that Bokel should recover the land he was claiming of Griffin.  Neither the plaintiff nor the defendant Bokel, by the finding of the court, can recover any land from Griffin. The judgment of the lower court will be reversed, and judgment here rendered that the agreement made between the plaintiff and the defendant Bokel, that the line dividing their respective tracts of land and forming the eastern boundary of the defendant's and western boundary of plaintiff's lands should be ascertained and established by an actual survey of defendant's land be and the same is enforced, and that the boundary between said lands be, and is, that established by the surveyors W. A. Polk and J. J. Gillespie, by a survey made by them in accordance with said agreement, and by authority and direction of said parties, on the 30th of March and the 1st day of April, 1898, and which said boundary is evidenced by the field notes of said survey, being the second line designated in said field notes, which are as follows:  "Beginning at an iron axle in the E. line of the Thompson sur., same being the S. W. cor. of the B. H. Freeling.  Th. E. 1780 ft. to a stake.  Th N. 5867¼ ft. to a stake on the south line of McIvor land; th. W. along McIvor's S. B. line 7060 ft. to a stake and mound in the E. B. line of the Hamilton survey: th. south along Hamilton E. B. line 4112 ft. to an iron rod, being the N. W. cor. of the Fitch sur.; th. east along the north lines of the Fitch, Cruger and Thompson surveys, 5280 to the N. E. cor. of the Thompson sur., a stone for corner; th. south 17555½ ft. to the place of beginning."

And it is further adjudged, that neither plaintiff nor defendant Bokel recover of defendant Griffin any of the land described in his pleadings and claimed by him, and that he recover his costs of both plaintiff and defendant Bokel; and that plaintiff recover of defendant Bokel all costs incurred since the establishment of the boundary aforesaid by the said Polk and Gillespie, and that defendant recover his costs of plaintiff incurred prior thereto.  No other assignments need be considered.

### ON MOTION OF APPELLEE BOKEL FOR REHEARING.

Upon a closer inspection of the record we find, as contended by the appellee Bokel, that his general exception to the plaintiff's second amended petition was sustained, and the plaintiff declined to amend.  Such being the case, the alleged agreements between the parties plaintiff and defendant Bokel, to establish a boundary between their lands, were not properly before the court upon trial of the cause, and should not, there-

fore, have been considered by the judge in drawing his conclusions of fact. While the facts disclosed by the transcript clearly authorized the judgment rendered by this court, it must be revised, for the want of a pleading setting up the facts upon which we based the judgment rendered for the plaintiff. The motion for a new hearing is therefore sustained, and the judgment of the lower court as betweeen the parties to this appeal is reversed and the cause remanded for another trial as to them; but the judgment in favor of defendant Griffin is affirmed. And in view of another trial we deem it proper to say that the court erred in sustaining the appellee's exceptions to plaintiff's second supplemental (amended) petition. The unwritten agreements set out in that petition are, in our judgment, neither obnoxious to the forty-seventh rule of practice prescribed for the government of the district courts nor to the statute of frauds; and if the agreements were in fact made, and a boundary line run by the surveyors chosen by the parties in accordance with said agreements, the fact that they were not in writing can not avail the appellees to defeat the appellant's suit for a specific performance of the agreements. Reversed and remanded.

*Reversed and remanded.*